MARTIN'S INC. OF MOBERLY, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Martin's, Inc. of Moberly v. Commissioner
Docket Nos. 35139-84; 35140-84; 35169-84.
United States Tax Court
T.C. Memo 1987-419; 1987 Tax Ct. Memo LEXIS 416; 54 T.C.M. (CCH) 247; T.C.M. (RIA) 87419; August 25, 1987. Craig Alan Van Matre, for the petitioners. Steven W. LaBounty, for the respondent. GUSSIS
MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: These consolidated cases were heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[2]
Respondent determined the following Federal income tax deficiencies: Income Tax Deficiencies
Petitioner
1977
1979
1980
1981
Martin's Inc. of
$ 3,775.71
$ 4,697.58
$ 5,422.67
Moberly
Martin's Inc. of
$ 222
4,258.79
7,610.65
7,260.98 Mexico
Martin's Inc. of
1,581.53
476.20
2,770.10 Vandalia
*418 The issues are (1) whether petitioners are entitled to use the LIFO method of inventory valuation pursuant to section 472 in the years involved; (2) whether any of the years in issue is barred by the statute of limitations (section 6501); (3) whether the doctrines of laches and estoppel are applicable to the years involved; and (4) whether respondent's determinations constitute a violation of the due process clause of the Fifth Amendment. [3]
FINDINGS OF FACT Some of the facts were stipulated and they are incorporated herein by this reference. Martin's Inc. of Moberly, Martin's Inc. of Mexico and Martin's Inc. of Vandalia were incorporated on January 1, 1976 under the laws of the State of Missouri as Martin's Auto Supply, Inc., Mexico Auto Supply, Inc. and Vandalia Auto Supply, Inc., respectively. The petitioners' principal place of business at the time of filing the petitions herein was in Mexico, Missouri. Petitioners filed *419 their respective Federal corporate income tax returns for the years involved with the Internal Revenue Service Center, Kansas City, Missouri. During the taxable years involved each of the petitioner corporations was 100 percent owned by George Harrison Martin, Jr. During the taxable years in issue petitioners were wholesale and retail dealers of automobile parts. Prior to their incorporation on January 1, 1976, petitioners Martin's Inc. of Moberly, Martin's Inc. of Mexico and Martin's Inc. of Vandalia were operated by George Harrison Martin, Jr. as sole proprietorships under the name of Martin's Auto Supply, Mexico Auto Supply and Vandalia Auto Supply, respectively. On January 1, 1976 each of the sole proprietorships transferred all of their assets to the newly formed corporation in a nonrecognition transfer under section 351. During the year 1974 and prior to the incorporation of the sole proprietorships, George Harrison Martin, Jr. employed the first-in, first-out (hereinafter FIFO) method of inventory valuation for valuing the inventories of the sole proprietorships. George Harrison Martin, Jr. filed an amended tax return for the year 1974, together with Form 970 (Application *420 to use LIFO Inventory Method), in which he indicated an election to employ the LIFO method of inventory valuation for his sole proprietorships, Martin's Auto Supply, Mexico Auto Supply and Vandalia Auto Supply. Petitioners Martin's Inc. of Moberly, Martin's Inc. of Mexico and Martin's Inc. of Vandalia did not file Form 970 (Application to Use LIFO Inventory Method) with their initial 1976 corporation income tax returns or with their corporation income tax returns for any subsequent year. As a result of the valid Special Consents to Extend the Time to Assess Tax (Form 872-A) for the years 1979, 1980 and 1981 properly executed by the parties, the statutory notices of deficiencies for said years were timely issued. The deficiencies in tax determined by respondent for the years involved resulted from adjustments to petitioners' inventory and gross profit attributable to respondent's disallowance of the LIFO method of inventory valuation employed by petitioners for each of the years in issue. OPINION Section 472 allows a taxpayer to elect, pursuant to the applicable regulations, the LIFO *421 method of inventory valuation. The relevant regulations provide in part as follows: (a) The LIFO inventory method may be adopted and used only if the taxpayer files with his income tax return for the taxable year as of the close of which the method is first to be used a statement of his election to use such inventory method. The statement shall be made on Form 970 pursuant to the instructions printed with respect thereto and to the requirements of this section, or in such other manner as may be acceptable to the Commissioner. * * * [Sec. 1.472-3(a), Income Tax Regs.]
In Rev. Proc. 74-2, 1974-1 C.B. 412, 413, respondent adopted the position that a taxpayer's election to use LIFO is acceptable under the regulations if all the information required to be reported on Form 970 is included with the taxpayer's timely filed Federal income tax return for the taxable year as of the close of which LIFO is first to be used. Petitioners were incorporated on January 1, 1976. They did not file a Form 970 with their initial corporation income tax returns *422 for the taxable year 1976. Nor did petitioners file a Form 970 with their tax returns for any subsequent year. Nonetheless, they contend that they made a valid election under section 472 to use the LIFO method by complying with the required procedure in that they provided substantially all of the requisite information on their 1976 returns in which they first used the LIFO method. A mere failure to file a Form 970 does not foreclose a valid election to use LIFO. If a taxpayer substantially complies with the procedures for making an election, the election will be effective. Fisher Industries, Inc. v. Commissioner,87 T.C. 116, 121 (1986), on appeal (6th Cir., Feb. 13, 1987). We do not believe that petitioners substantially complied with the requisite procedures in making a valid election to use the LIFO method on their initial 1976 tax returns. Petitioners' 1976 returns simply indicated that LIFO was the method of inventory valuation used in computing cost of goods sold. We cannot agree with petitioners' contention that this alone will support a valid election to use *423 the FIFO method. Petitioners' reliance upon Fischer Industries, Inc. v. Commissioner, supra, as authority for such contention is misplaced. Nor do we agree with petitioners that the information required by Form 970 can be gleaned from the tax returns as filed. The statute mandates that respondent have an opportunity for a complete review of a taxpayer's use of LIFO. To implement this mandate, Form 970 is designed to provide a wide range of necessary information. Such information includes (1) identification of the goods to which the LIFO method is to be applied; (2) whether certain necessary adjustments resulting from the change to LIFO were considered; (3) identification of the method used to determine the cost of goods in the closing inventory in excess of those in the opening inventory (i.e., most recent purchases, earliest acquisitions during the year, average cost of purchases during the year, or some other method); (4) whether the unit method or the dollar-value method is used in valuing LIFO inventories; (5) in the event pools are used, a list and description of *424 the contents of each pool; (6) a description of the cost system used and the method used in computing LIFO value of dollar-value pools, i.e., the double extension method or some other method. In short, the LIFO election involves more than a simple computation. The LIFO regulations recognize both this complexity and the care with which respondent seeks to review a LIFO election. Further, there is more than one LIFO methodology, and respondent is entitled to know which one the taxpayer is using at the time the inventory figures are reported. * * * [Fischer Industries, Inc. v. Commissioner, at 124.]
We do not believe, on the basis of these factual circumstances, that petitioners substantially complied with the requisite procedures for making an election to use the LIFO method of inventory valuation. It is clear from the stipulated facts that due to the validly executed consents to extend the period of assessment pursuant to section 6501(c)(4), the years 1979 through 1981 are not barred by the statute of limitations. See section 6501(a). Petitioners' argument that respondent's *425 failure to challenge the petitioners' taxable year 1976 (when the LIFO method was first employed on the petitioners' initial corporation returns) somehow serves to bar the years here in issue under section 6501(a) is without merit. The long and short of the matter is that the adjustments made by respondent to reflect his disallowance of petitioners' use of the LIFO method of inventory valuation relate only to petitioners' income for years which remain open under the explicit provisions of section 6501. The determinations also properly reflect the adjustments mandated by section 481 to prevent distortions of taxable income under the factual circumstances here present. See sec. 1.481-1(a)(1), Income Tax Regs. There is no conflict between section 481 and the statute of limitations. Graff Chevrolet Company v. Campbell,343 F.2d 568, 572 (5th Cir. 1965); Superior Coach of Florida v. Commissioner,80 T.C. 895, 912 (1983). Nor is respondent precluded from making the appropriate adjustments to petitioners' income in the open years by a purported duty of consistency imposed upon respondent which would, in effect, forever foreclose *426 respondent from rejecting an invalid election by petitioners in a prior year to use the LIFO method of inventory valuation. Petitioners also argue that the doctrines of laches and estoppel should apply here. The defense of laches, a purely equitable doctrine, is not available where a period of time in which an action may be brought in fixed by statute. We have previously held that this Court is not at liberty to modify a fixed period prescribed by the statute of limitations in which the Commissioner is authorized to act. Saigh v. Commissioner,36 T.C. 395, 424-425 (1961). Here, the record clearly establishes that the issuance of the notices of deficiency for the years in issue was timely under the statute. Nor do we believe that the defense of estoppel applies under the circumstances here present. Initially, we note that the doctrine of estoppel should be applied against the Commissioner *427 with the utmost restraint. Schuster v. Commissioner312 F.2d 311 (9th Cir. 1962), affg. 32 T.C. 998 (1959). In any event, the essential elements of estoppel are not present here. These elements are (1) there must be a false representation or a wrongful misleading silence; (2) the error must be in a statement of fact and not in an opinion or statement of law; (3) the person claiming estoppel must be ignorant of the true facts; and (4) he must be adversely effected by the acts or statements of the person against whom an estoppel is claimed. Underwood v. Commissioner,63 T.C. 468, 477-478 (1975), affd. 535 F.2d 309 (5th Cir. 1976). There is no evidence in this case to establish these elements and, consequently, we must conclude the defense of estoppel is not applicable. Petitioners also allege that the disallowance by respondent of the LIFO election and the determinations of the deficiencies in the years involved constitute a due process violation under the Fifth Amendment. We believe that petitioners' argument is misconceived. *428 We have previously emphasized the limited role of the due process clause of the Fifth Amendment in the field of taxation. Smith v. Commissioner,77 T.C. 1181, 1188 (1981), affd. 701 F.2d 807 (9th Cir. 1983); Randolph v. Commissioner,74 T.C. 284 (1980). We perceive nothing unreasonable or questionable in the undertaking by respondent to determine deficiencies for the open years based upon petitioners' failure in a prior year to adhere to clearly delineated guidelines in making a valid election to use the LIFO method of valuation. Nor do we believe that such actions by respondent are, as petitioners imply, so markedly unfair and arbitrary as to somehow impinge upon their constitutional rights under the Fifth Amendment. Finally, there is no indication that the record that respondent in asserting the deficiencies for the years involved, failed to adhere to the dictates of section 472 and the regulations thereunder or to the guidelines contained in the pertinent revenue procedure. Petitioners have failed to demonstrate any constitutional infringement. *429 We must conclude on the basis of the entire record that petitioners did not satisfy the requirements of section 472 and the regulations on their initial returns for 1976 or in any subsequent year and consequently did not make a valid election to use the LIFO method of inventory accounting. Respondent's disallowance of the petitioners' use of LIFO method of inventory valuation during the years in issue is therefore sustained. Decisions will be entered for the respondent.
Footnotes
1. Cases of the following petitioner are consolidated herewith: Martin's, Inc. of Mexico, docket No. 35140-84; and Martin's Inc. of Vandalia, docket No. 35169-84. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. The deficiency in tax for 1977 with respect to Martin's Inc. of Mexico arises because of respondent's disallowance of a net operating loss carryback from 1980. Resolution of the issues for the year 1980 will be dispositive for the year 1977. ↩